IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

FRANCISCO PICHARDO,            §
    Petitioner,              §
                               §
V.                             §        Civil Action No. 1:15-CV-118-O
                               §
RALPH HANSON, Warden,          §
FCI-Three Rivers,              §
    Respondent.              §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Francisco Pichardo, a federal prisoner who was confined at the FCI-Big Spring in Big Spring, Texas, at the time petition was filed.[1] In addition to two-page § 2241 petition and an amended § 2241 petition, the Court has a response from the Respondent with an Appendix containing copies of the documents related to the disciplinary, and copies of the documents related to Pichardo's exhaustion of administrative remedies. Pet., ECF No. 1, Amend. Pet., ECF No. 6; Response, ECF No.8; Response Appendix (App.), ECF No. 9. Petitioner never filed a reply.[2]

---

[1]The Bureau of Prisons website shows that Francisco Pichardo is now incarcerated at the Federal Correctional Institution (FCI) Three Rivers, in Three Rivers, Texas. *See* www.bop.gov search of Francisco Pichardo, No. 01625-104, last visited May 8, 2017. At the time he filed the petition, he was incarcerated at the Federal Correctional Institution (FCI) Big Spring in Big Spring, Texas. In habeas corpus cases, the warden, as immediate custodian, is the only proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004). A transfer of a habeas corpus petitioner to incarceration in another district after the petition is filed ordinarily does not divest the court in which the petition was filed of jurisdiction. *Lee v. Wetzel,* 244 F.3d 370,375 n.5 (5th Cir. 2001). Jurisdiction attaches on the initial filing and "was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert,* 751 F.3d 288, 290 (5th Cir. 2014). At the time Pichardo filed this § 2241 petition, therefore, he correctly named Myron L. Batts, then Warden of FCI-Big Spring, as Respondent. The correct Respondent now, however, is Ralph Hanson, Warden at FCI-Three Rivers, and Pichardo's current custodian. ==The Clerk of Court should update the Respondent on the docket of this case.==

[2]The Court provided Pichardo four separate extensions of time to file a reply to the Respondent's response. (Docs. 12, 14, 16, and 19.) Any reply was initially due to be filed thirty days after the response, or on May 11, 2016. With all of the different extensions provided by the Court, Pichardo was granted until

After considering all of Plaintiff's § 2241 petition as amended, the response and supporting appendix, the relief sought by Petitioner, and the applicable law, the Court has concluded that the § 2241 petition must be dismissed, and alternatively, denied.

**I. BACKGROUND**

Petitioner Francisco Pichardo was convicted in the United States District Court for the Southern District of Florida in cause number 13-CR-20426-2 of conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. § 963; conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841. App. at 39. Pichardo was sentenced to 130 months' imprisonment. *Id.* at 40. His current projected good conduct time release date is September 11, 2023. *See* www.bop.gov search of Francisco Pichardo, No. 01625-104, last visited on May 8, 2017.

On June 21, 2014, while conducting a search of the room in which Pichardo and another inmate were housed at FDC-Miami, a BOP employee found a cell phone concealed within a roll of toilet paper. App. at 26, § 11. This roll of toilet paper was found in a common area of the room on the floor next to the bunk bed, and thus it was secured. The cell phone was identified as a Samsung AT&T flip-phone, gray/black in color, with an IMEI #012968004921106. *Id.* The cell phone was given to the Operations Lieutenant, and both Pichardo and his roommate were escorted and removed to the Special Housing Unit. *Id.*

---

February 15, 2017. ECF No. 19. In that "Order Granting Final Extension of Time to File a Reply" the Court also included in **bold** highlighted text the phrase: "**No Additional extension will be provided**." (Doc. 19.) In spite of this history and that express directive, Pichardo filed yet another motion for extension of time on February 15, 2017. ECF No. 20. Because the Court already granted numerous extensions totaling over nine months, the latest motion for an extension of time to reply must be denied.

The incident report prepared the next day charged Pichardo with possession of a hazardous tool in violation of BOP disciplinary code 108. App. 26, at § 10. As a part of the investigation of that report, after advising Pichardo of his rights, an investigating employee conducted an interview. *Id*. at 27, §§ 23 & 24. Pichardo told the investigator that he had nothing to do with the cell phone and that he went to the visiting room, returned to the unit, and "shortly afer the count, he was pulled out his cell and the cell phone was discovered."[3] *Id*. at § 24.

A few days later, Pichardo appeared before a Unit Disciplinary Committee (UDC). App. 26, at § 21. The statement he made to the UDC was summarized as "Inmate stated the phone is not his. The phone belongs to his roommate. I have never used any cell phone." *Id*. at § 17. The UDC referred the charges to a Disciplinary Hearing Officer (DHO) for final disposition. *Id*. at § 19. Pichardo was provided written notice of his rights before the DHO and was given the opportunity to request witnesses and a staff representative. App. 29-31. He did not request a staff representative or any witnesses. *Id*. at 29.

On July 10, 2014, Pichardo appeared before the DHO. App. at 31, § I (B). He provided a statement to the DHO which the DHO summarized as: "I went down for a visit, I wasn't in my room. The officer came and searched my room. My Bunkie[4] is an orderly and put all of the toilet paper in there. I never saw the phone." App. 33 at § III(B). Based on the evidence presented, including the reporting FDC-Miami employee's written account of the incident, Pichardo's statements, and two photographs of the telephone found in Pichardo's cell, the DHO concluded that Pichardo violated

---

[3] The Respondent informs the Court that at BOP institutions several inmate "counts" are performed throughout the day. Resp., at 3.

[4] The Respondent informs that "Bunkie" is a colloquial term used by an inmate to identify the other inmate assigned to the same set of bunk beds. Resp., at 3.

BOP disciplinary code 108 as charged. App. 31-37; 34-35, §§ IV(A) & V. The DHO described the evidence relied upon in reaching this conclusion:

> The decision is based on the statement of the reporting officer. Specifically, the reporting officer stated that on 06-21-14 he searched your cell (C08-027). During the search he found an ATT Samsung flip cell phone (color = gray/black) concealed inside a roll of toilet paper. The cell was occupied by inmates Pichardo 01625-104 and [redacted].
>
> The reporting officer provided a photo of the cell phone located in your cell. . . .
>
> Based on the officer's eye witness account of the incident and the physical evidence recovered, the DHO finds you committed the prohibited act as charged. Although you stated you were not in the room when the phone was found, you are still responsible for items in your assigned cell. You presented no evidence or information to dispute the charges.

App. 34, § V. Based on these findings, the DHO disallowed 40 days of Pichardo's good conduct time credit, imposed 60 days of disciplinary segregation, and suspended his telephone privileges for one year. *Id.* at § VI. The DHO also provided an explanation of the reasons for the sanctions imposed. *Id.* at § VII.

## II. CLAIM

In his petition for a writ of habeas corpus under 28 U.S.C. § 2241, Petitioner Pichardo challenges the disciplinary proceeding and determination that he violated BOP code 108, possession of a hazardous tool (a cell phone). Pichardo seeks a finding from this Court that he is not guilty of the violation and "the return of [his] good time and clear conduct standing." Amend. Pet. at 7.

## III.  FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). The

4

Supreme Court has identified several sound policy bases supporting mandatory exhaustion requirements, including: (1) avoiding premature interruption of the administrative process; (2) allowing the agency to develop the necessary factual background upon which decisions should be based; (3) giving the agency a chance to discover and correct its own errors; and (4) avoiding the possibility that frequent and deliberate flouting of the administrative process could weaken the effectiveness of an agency by encouraging people to ignore its procedures. *See McKart v. United States*, 395 U.S. 185, 193-195 (1969). Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and the petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. *Fuller,* 11 F.3d at 62.

An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10, within twenty days; and finally to the BOP's Central Office, via a form commonly referred to as a BP-11, within thirty days. *See* 28 C.F.R. §§ 542.14-542.15. If, at some level, the prisoner does not receive a response within the time allowed for reply, the prisoner may consider the absence of a response to be a denial at that level. See 28 C.F.R. § 542.18. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

The Respondent has submitted the Declaration of Darrin C. Scott, a Senior Attorney with the Bureau of Prisons. App. at 4, ¶ 1. Scott avers that, by way of his employment, he has access to

records maintained by the BOP and that Petitioner Pichardo has not fully exhausted his administrative remedies as to his challenge to the disciplinary action resulting in a finding of a violation of BOP code 108. App. at 5-7. The BOP's Southeast Regional Office in Atlanta, Georgia received Pichardo's initial appeal of the disciplinary action on December 15, 2014, more than five months after the DHO conducted the disciplinary hearing, and well beyond the 20-day deadline for submission of the appeal. App. at 6, ¶ 6. By that date, Pichardo had transferred to FCI-Big Spring, which is located in the BOP's South Central Region. *Id*. Therefore, on December 18, 2014, the Southeast Regional Office rejected and returned the appeal and directed Pichardo to file his appeal in the Regional Office for the BOP region in which he was then incarcerated (*i.e.*, the BOP's South Central Regional Office in Grand Prairie, Texas). *Id.*

Almost a month later, on January 14, 2015, the BOP's South Central Regional Office received Pichardo's appeal. *Id*. at ¶ 7. As the appeal was outside the 20-day appeal deadline, the South Central Region rejected the appeal as untimely. *Id*. BOP administrative remedy regulations and BOP policy implementing those regulations provide that the deadline for an appeal submission may be extended when an inmate demonstrates a valid reason for the delay. 28 C.F.R. § 541.15; App. at 14-15 (BOP Program Statement 1330.18– Administrative Remedy Program). The reason for a delay must be verified in writing by institution staff. App. at 11,13. Consistent with the regulations and policy, the South Central Region afforded Pichardo the opportunity to resubmit his appeal to the South Central Region accompanied by written staff verification on institution letterhead of a valid reason for the delay. App. 6, at ¶ 7.

More than another month later, on February 17, 2015, the South Central Regional Office received another appeal of the disciplinary action. App. 6-7, ¶ 8. The South Central Region again

6

rejected the appeal as untimely and again afforded Pichardo the opportunity to resubmit his appeal, accompanied by written staff verification on institution letterhead of a valid reason for the delay. *Id*. As of the date of the April 2016 preparation of Darrin Scott's declaration, Pichardo had not resubmitted a regional-level appeal, nor had he submitted an appeal to the BOP's General Counsel. App. at 7, at ¶ 9.

Pichardo claims that his appeals were not untimely because he left FDC-Miami en route to FCI Big Spring on July 21, 2014, within the 20-day appeal deadline, and did not have access to his personal property at the BOP's Federal Transfer Center in Oklahoma City, Oklahoma (FTC Oklahoma City), where he was incarcerated before reaching Big Spring. The Court assumes he is claiming that the deadline should have been tolled because he lacked access to his property (presumably to include copies of the incident report and DHO report) until he arrived at FCI- Big Spring. The records of the BOP confirm that Pichardo flew from FDC-Miami to FTC-Oklahoma City en route to FCI Big Spring on July 11, 2014. App. at 5, ¶ 3. Pichardo remained at FTC-Oklahoma City until he left for FCI-Big Spring by bus on August 6, 2014. *Id*. He then arrived at FCI- Big Spring on August 7, 2014. *Id*.

As noted above, Pichardo did not submit his first appeal to the BOP's Southeast Regional Office for more than four months after he arrived in Big Spring. Pichardo claims he had no access to his personal property while he was temporarily housed at FTC Oklahoma City. Pet. at 1. He also claims in an exhibit to his petition, that he did not receive his papers at FCI-Big Spring until October 7, 2014. Amend. Pet. (Administrative Remedy Appeal Exhibit). at 12. But even if the Court assumes that is true, Pichardo offers no explanation as to why the Southeast Regional Office did not receive an appeal until another 60 days had passed (December 15, 2014), and the South Central Regional Office did not receive an appeal for still another 30 days thereafter (January 14, 2015). App. at 6, ¶¶

7

6-7. And, Petitioner has offered no explanation as to why he did not take further action in accordance with the provided opportunities to re-submit a regional level appeal. Pichardo, therefore, has failed to exhaust his administrative remedies within the BOP, and this § 2241 petition must be dismissed for failure to exhaust administrative remedies.

## IV. ALTERNATIVE REVIEW ON THE MERITS

The Court has reviewed Petitioner's amended petition and attachments, Respondent's response and the appendix. For the reasons clearly set forth in Respondent's thorough response, at pages 8-11, the Court alternatively finds that as to a review of Petitioner Pichardo's grounds for relief on their merits, he was not denied due process of law and there was some evidence to support the determination that he committed a disciplinary violation, such that the § 2241 petition should alternatively be **DENIED**.

## V. ORDER

It is therefore **ORDERED** that the additional motion for extension of time to file a reply, ECF No. 20, is **DENIED**.

It is further **ORDERED** that the Petitioner Francisco Pichardo's § 2241 petition is **DISMISSED** for failure to exhaust administrative remedies, and alternatively, the § 2241 petition is **DENIED.**

**SO ORDERED** on this **8th day** of **May, 2017.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**